**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 00-50140**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**CHARLES PHILIP AKIN,**

**Defendant-Appellant.**

Appeal from the United States District Court
For the Western District of Texas
(SA-97-CR-131-1-HFG)

May 16, 2001

Before JONES, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Charles Philip Akin appeals his conviction and sentence for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; mail fraud, in violation of 18 U.S.C. §§ 2, 1341; money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and submitting false claims, in violation of 18 U.S.C. §§ 2, 287. Finding no reversible error, we affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Akin is a dentist, who engaged in the medical supply business from 1991 to 1993. He manufactured a type of wheelchair cushion costing $45 that he marketed to nursing homes as an "orthotic" device reimbursable by Medicare. To this end, Akin became a Medicare provider and received $1,289 per device.

Ultimately, the government indicted Akin and two other defendants[2] in connection with the filing of false claims with Medicare. Under the Medicare program, Medicare providers are furnished with a handbook dealing with the billing of medical equipment supplies and periodically receive newsletters discussing covered and non-covered supplies and services. To obtain reimbursement, a health care supplier submits claims to Medicare carriers on a standardized form, commonly referred to as the HCFA-1500 Form. That form requires the use of a standardized code to define the service or product for which reimbursement is requested, and health care suppliers have the responsibility of accurately identifying the service or product administered to recipients. According to the government, Akin billed his wheelchair cushion under Code L0430, which pertained to items qualifying as "TLSO [Thoracic Lumbar Sacral Orthotic], anterior-posterior-lateral control (body jacket), with interface material, custom fitted," notwithstanding the fact that he knew that his product was not an orthotic device, but a non-reimbursable wheelchair cushion.

---

[2]The other two defendants are not a part of this appeal.

The jury convicted Akin on all counts of the indictment, and among other things, he was sentenced to 87 months of imprisonment, substantially less than the statutory maximum. This appeal followed.

On appeal, Akin raises several points of error. First, he contends that the indictment should have been dismissed because the basis for those charges was a vague and indefinite Medicare claims code, which failed to give him fair notice of the illegality of his conduct. Next, Akin maintains that the individual or cumulative error of the district court in admitting certain lay testimony, in denying his motion to suppress, and in refusing his proposed jury instructions mandates reversal of his conviction. Finally, he asserts that his sentence violated *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), because it was enhanced based on facts that were not included in the indictment nor found by a jury beyond a reasonable doubt.

After having the benefit of oral argument and thoroughly reviewing the briefs, the record excerpts, and pertinent portions of the record, and the applicable law, we conclude that the district court did not commit any reversible error with respect to the points raised by Akin. Accordingly, the judgment of conviction is **AFFIRMED**.